IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TODD FRANCE,                          )
                                      )
        Petitioner,                   )
                                      )
    v.                                )     Civil Action No. 1:20-cv-00479 (RDA/MSN)
                                      )
JASON BERNSTEIN,                      )
                                      )
        Respondent.                   )

## **ORDER**

This matter comes before the Court on Petitioner Todd France's ("Petitioner") Motion for Confirmation of Arbitration Award ("Motion for Confirmation") (Dkt. 5); Respondent Jason Bernstein's ("Respondent") Motion to Dismiss for Lack of Jurisdiction or to Stay or Transfer ("Motion to Dismiss, Stay, or Transfer") (Dkt. 14); Respondent's Motion to Vacate Arbitration Award ("Motion to Vacate") (Dkt. 27); Respondent's Motion to Continue Hearing on Petitioner's Motion to Confirm (Dkt. 17); Respondent's Request for a Hearing (Dkt. 20); Petitioner's Consent Motion to Continue Hearing (Dkt. 24); and Respondent's Request for Hearing (Dkt. 29).

The Court has considered Petitioner's Petition for Confirmation of Arbitration Award ("Petition") (Dkt. 1); Petitioner's Motion for Confirmation (Dkt. 5); Petitioner's Memorandum in Support of Motion for Confirmation of Arbitration Award (Dkt. 5-1); Respondent's Memorandum in Opposition to Petitioner's Motion for Confirmation of Arbitration Award ("Opposition to Motion for Confirmation") (Dkt. 16); Petitioner's Reply Memorandum in Further Support of Motion for Confirmation of Arbitration Award ("Reply in Support of Motion for Confirmation") (Dkt. 23); Respondent's Motion to Dismiss, Stay, or Transfer (Dkt. 14); Respondent's Memorandum in Support of Motion to Dismiss or to Stay or Transfer (Dkt. 15); Petitioner's

Memorandum in Opposition to Respondent's Motion to Dismiss, Stay, or Transfer ("Opposition to Motion to Dismiss or to Stay or Transfer") (Dkt. 25); Respondent's Reply Memorandum in Support of Motion to Dismiss or to Stay or Transfer ("Reply in Support of Motion to Dismiss, Stay, or Transfer") (Dkt. 26); Respondent's Motion to Vacate Arbitration Award ("Motion to Vacate") (Dkt. 27); Respondent's Memorandum in Support of Motion to Vacate (Dkt. 28); Petitioner's Memorandum in Opposition to Respondent's Motion to Vacate ("Opposition to Motion to Vacate") (Dkt. 34); Respondent's Reply Memorandum in Support of Motion to Vacate Arbitration Award ("Reply in Support of Motion to Vacate") (Dkt. 35); Respondent's Motion to Continue Hearing on Petitioner's Motion to Confirm (Dkt. 17); Respondent's Request for a Hearing (Dkt. 20); Petitioner's Consent Motion to Continue Hearing (Dkt. 24); Respondent's Request for a Hearing (Dkt. 29); and Petitioner's Motion for Leave to File Sur-Reply in Response to Respondent's Motion to Vacate Arbitration Award (Dkt. 36).

Considering the aforementioned motions, and for the following reasons, it is hereby ORDERED that Respondent's Motion to Dismiss, Stay, or Transfer (Dkt. 14) is DENIED in part and GRANTED in part. To the extent that Respondent requests that this Court dismiss this matter, the Motion to Dismiss, Stay, or Transfer (Dkt. 14) is DENIED. To the extent that Respondent requests that this Court transfer this matter to the United States District Court for the Middle District of Pennsylvania, the Motion to Dismiss, Stay, or Transfer (Dkt. 14) is GRANTED. To the extent that Respondent moves that the Court stay these proceedings, the Motion to Dismiss, Stay, or Transfer (Dkt. 14) the matter is GRANTED and this matter is held in abeyance for resolution of the dispute in the United States District Court for the Middle District of Pennsylvania.

IT IS FURTHER ORDERED that the Motion for Confirmation (Dkt. 5) be held in abeyance for resolution in the United States District Court for the Middle District of Pennsylvania;

IT IS FURTHER ORDERED that the Motion to Vacate (Dkt. 27) be held in abeyance for resolution in the United States District Court for the Middle District of Pennsylvania;

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to File Sur-Reply in Response to Respondent's Motion to Vacate (Dkt. 36) be held in abeyance for resolution in the United States District Court for the Middle District of Pennsylvania;

IT IS FURTHER ORDERED that Respondent's Motion to Continue Hearing on Petitioner's Motion to Confirm (Dkt. 17) is DENIED;

IT IS FURTHER ORDERED that Respondent's Request for a Hearing (Dkt. 20) is DENIED;

IT IS FURTHER ORDERED that Petitioner's Consent Motion to Continue Hearing (Dkt. 24) is DENIED; and

IT IS FURTHER ORDERED that Respondent's Request for Hearing (Dkt. 29) is DENIED.

## I.   BACKGROUND

### A.   Factual Background

Petitioner Todd France and Respondent Jason Bernstein are both National Football League Players Association ("NFLPA") certified contract advisors—more commonly referred to as "NFL agents."  Dkt. Nos. 1, ¶ 1; 5-1, 1; 15, 2.  NFL agents such as Petitioner and Respondent represent National Football League ("NFL") players in connection with procuring playing contracts with NFL teams and related matters.  Dkt. Nos. 1, ¶ 2; 5-1, 1; 15, 2.

In July 2019, Respondent accused Petitioner of improperly and/or tortiously interfering with Respondent's Standard Representation Agreement (the "SRA")[1] and Endorsement and

---

[1] The SRA is a "standard form contract issued by the NFLPA, and mandated to be used between NFL agents and players."  Dkt. 1, ¶ 4.

Marketing Agreement (the "EMA")[2] between Respondent and NFL player, Kenny Golladay (the "Player"), a wide receiver with the Detroit Lions whom Respondent formerly represented. Dkt. Nos. 1, ¶ 3; 5-1, 1; 15, 2. Specifically, Respondent accused Petitioner of "poaching" the Player from Respondent in violation of certain NFLPA regulations governing agent conduct in situations where a NFL player is considering changing agents. Dkt. Nos. 1, ¶ 18; 5-1, 3. Respondent alleged that Petitioner convinced the Player to attend a lucrative autograph signing event hosted by three memorabilia dealers, to demonstrate the resources that Petitioner's agency could offer to the Player. Dkt. 15, 2-3. Respondent further alleged that the day after the autograph signing event, due to Petitioner's actions, the Player orally terminated his SRA and EMA with Respondent and a few days later, entered into similar contractual agreements with Petitioner and his agency, CAA Sports. *Id*. at 3.

The NFLPA Regulations Governing Contract Advisors required that the dispute between Respondent and Petitioner be brought to and decided in industry arbitration by an NFLPA-appointed Arbitrator. Dkt. Nos. 1, ¶¶ 7, 19; 5-1, 2-3. On July 1, 2019, Respondent initiated the NFLPA arbitration by filing a grievance against Petitioner with the NFLPA. Dkt. Nos. 1, ¶ 26; 5-1, 3. On July 19, 2019, Petitioner filed his answer to the grievance. Dkt. Nos. 1, ¶ 27; 5-1, 3-4. On August 2, 2019, the NFLPA appointed Roger P. Kaplan, Esquire as the Arbitrator for the dispute, and the arbitration was then conducted in Alexandria, Virginia. Dkt. Nos. 1, ¶¶ 8, 28; 5-1, 4, 5. On March 27, 2020, at the conclusion of the arbitration proceedings, the Arbitrator issued

---

[2] The EMA is a "custom contract dealing with certain marketing services to be provided to the Player by Clarity Sports International LLC ("Clarity Sports"), an entity owned by [Respondent]." Dkt. 1, ¶ 4.

a written Opinion and Award in favor of Petitioner and against Respondent.  Dkt. Nos. 1, ¶¶ 9, 40; 5-1, 2, 5.

### B.   Procedural Background

To say that this matter has been the subject of a robust motions practice would be an understatement.

On April 24, 2020, Petitioner filed his Petition for Confirmation of Arbitration Award in this Court.  Dkt. 1.  Soon thereafter, on April 30, 2020, Petitioner filed his Motion for Confirmation.  Dkt. Nos. 5; 5-1.

On May 18, 2020, Respondent filed a Motion to Dismiss, Stay, or Transfer.  Dkt. 14.  That same day, Respondent opposed Petitioner's Motion for Confirmation, and moved that the Court continue the hearing date on Petitioner's Motion for Confirmation.  Dkt. Nos. 16; 17.

On May 28, 2020, Petitioner filed his Reply in Support of Motion for Confirmation, and on June 1, 2020, Petitioner opposed Respondent's Motion to Dismiss, Stay, or Transfer.  Dkt. Nos. 23; 25.

On June 8, 2020, Respondent filed his Reply in Support of Motion to Dismiss, Stay, or Transfer.  Dkt. 26.

On June 24, 2020, after the Motion for Confirmation and the Motion to Dismiss, Stay, or Transfer were fully briefed, Respondent filed his Motion to Vacate.  Dkt. 27.

On July 14, 2020, Petitioner opposed Respondent's Motion to Vacate, and on July 24, 2020, Respondent filed his Reply in Support of Motion to Vacate.  Dkt. Nos. 34; 35.

This matter is fully briefed and is now ripe for disposition.  In light of Local Civil Rule 13(J), and Fed. R. Civ. P. 78, this Court finds that an oral hearing would not aid in the decisional process and the Court will rule upon the pending motions based on the pleadings.

## II.  STANDARD OF REVIEW

### A. Motion to Dismiss

It is well established that before a federal court can decide the merits of a legal claim, the question of jurisdiction must be resolved.  *See Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006); *J.E.C.M. ex rel.*, 352 F. Supp. 3d 559, 575 (E.D. Va. 2018); *Smith v. Tele-Town Hall, LLC*, 798 F. Supp. 2d 748, 751 (E.D. Va. 2011). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, an action must be dismissed if the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The burden of proving subject matter jurisdiction lies with the plaintiff, as the party asserting such jurisdiction.  *See J.E.C.M. ex rel.*, 352 F. Supp. 3d at 575 (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

Challenges to subject matter jurisdiction under Rule 12(b)(1) may be either facial or factual.  *See id.* (citing *Adams*, 697 F.2d at 1219).  Under a facial challenge, a defendant asserts that:

> a complaint simply fails to allege facts upon which subject matter jurisdiction can be based[,] . . . all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.

*Id.* (quoting *Adams*, 697 F.2d at 1219).

Accordingly, where a defendant disputes under a factual challenge, "the court may consider evidence outside the complaint 'without converting the proceeding to one for summary judgment.'"  *Id.* (quoting *Adams*, 697 F.2d at 1219).  Under this method of attack, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Based on Respondent's Motion to Dismiss and the accompanying memoranda, it appears that this case falls into the former category.

### B. Motion to Transfer

The United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

In considering a § 1404(a) motion, a district court must undertake two separate inquiries: (1) whether the claims might have been brought in the transferee forum, i.e., whether venue and personal jurisdiction over the respondent are proper there; and (2) whether the convenience of the parties and witnesses, in addition to the interest of justice, justifies transfer to that forum. *See Va. Innovation Scis, Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 867 (E.D. Va. 2013); *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 926 (E.D. Va. 2005); *Koh v. Microtek Intern., Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). "The party moving for a transfer of venue bears the burden of showing that the transfer is warranted." *Verizon Online Servs., Inc. v. Ralsky*, 203 F. Supp. 2d 601, 623 (E.D. Va. 2002) (quoting *Beam Laser Sys., Inc. v. Cox Commc'ns. Inc.*, 117 F. Supp. 2d 515, 518 (E.D. Va. 2000)); *see also United States v. Douglas*, 626 F. Supp. 621, 626 (E.D. Va. 1985).

The first requirement of venue and personal jurisdiction is a "threshold prerequisite" that "must be addressed and resolved before it is appropriate to consider whether the case *should* be transferred to the transferee forum . . . ." *U.S. Ship Mgmt., Inc.*, 357 F. Supp. 2d at 930.

If the movant makes the threshold showing that the action might have been brought in the proposed transferee district, a district court then considers whether the convenience of the parties

and witnesses and the interest of justice support granting the motion to transfer.  *See* 28 U.S.C. § 1404(a). In conducting this second inquiry, a district court looks to the following factors: "(1) the plaintiff's initial choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice."  *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 868 (E.D. Va. 2013) (citing *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007)).

### C. Motion to Stay

A district court's power to grant a motion to stay is not derived from the Federal Rules of Civil Procedure, but from a district court's general equity powers.  *See Aventis Pharma Deutschland GMBH v. Lupin Ltd.,* 403 F. Supp. 2d 484, 489 (E.D. Va. 2005) (citing *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)).  In the Fourth Circuit, "proper use of this authority 'calls for the exercise of judgment which must weigh competing interests and maintain an even balance."  *Williford*, 715 F.2d at 127 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  The party seeking a stay bears the burden of demonstrating that the circumstances justify an exercise of the court's discretion.  *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis*, 299 U.S. at 255).  For a district court to grant a stay, those circumstances must outweigh the potential harm to the non-moving party.  *See Aventis Pharma Deutschland GMBH*, 403 F. Supp. 2d at 489 (citing *Williford*, 715 F.2d at 127).  Specifically, in the Fourth Circuit, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford*, 715 F.2d at 127.

### III.  ANALYSIS

Before the Court are three substantive motions: Respondent's Motion to Dismiss, Stay, or Transfer (Dkt. 14); Petitioner's Motion for Confirmation (Dkt. 5); and Respondent's Motion to Vacate (Dkt. 27).

When Respondent filed his Motion to Dismiss, Stay, or Transfer, he moved that the Court to dismiss Petitioner's Motion for Confirmation because that motion was not then ripe and because he believed that Petitioner did not present any case or controversy.  Dkt. 15, 1.  In that same Motion to Dismiss, Stay, or Transfer, Respondent alternatively urged the Court to stay Petitioner's motion, arguing that failing to do so would, under those circumstances, deprive Respondent of his statutory right under Section 12 of the FAA to file and fully brief a motion to vacate.  *Id.* at 6.  Respondent initially moved the Court to stay adjudication on Petitioner's Motion for Confirmation until the deadline for Respondent to file a motion to vacate, modify, or correct the arbitration award expired on June 27, 2020.  *Id.* at 1.  Respondent has since conceded, however, that by continuing the hearing on Petitioner's Motion for Confirmation to July 24, 2020, the Court had essentially mooted his original request.  Dkt. 26, 6.  Yet, in his Reply in Support of Motion to Dismiss, Stay, or Transfer, Respondent moves the Court to stay Petitioner's Motion for Confirmation until the Court considers Respondent's Motion to Vacate.  *Id.* at 6, 8.  Alternatively, Respondent urges the Court to transfer Petitioner's Motion for Confirmation to the Middle District of Pennsylvania, where a related lawsuit is pending.  Dkt. 15, 2.

Meanwhile, Petitioner urges the Court to grant his Motion for Confirmation.  Dkt. Nos. 5; 5-1.  Petitioner asserts that the statutory scheme of the FAA provides for a streamlined confirmation process and as such argues his motion satisfies all the requirements for confirmation under Section 9 of the FAA, so the Court must grant his motion.  Dkt. Nos. 5-1, 6-7; 25, 12.

Lastly, Respondent moves the Court to vacate the award, contending that he has made a sufficient showing of two grounds for vacatur under Section 10 of the FAA—namely that the award was procured by fraud and that the Arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy.  Dkt. 28, 3.

### A. Motion to Dismiss

Respondent moves to dismiss the action for lack of subject matter jurisdiction, arguing that the Court does not have power to hear Respondent's Petition for Confirmation (Dkt. 1) and therefore, cannot grant the Motion for Confirmation (Dkt. 5) as the petition is not ripe and does not present a case or controversy, and therefore, is not justiciable.  Dkt. 15, 1.

Respondent maintains that Petitioner's Petition for Confirmation is not ripe because pursuant to § 12 of the FAA, at the time that Petitioner filed his Petition for Confirmation, the three-month period during which Respondent may move to vacate the award had not yet elapsed. *Id*.  More specifically, Respondent avers that because the Arbitrator issued the award on March 27, 2020, Respondent had until June 27, 2020 to file a motion to vacate.  *Id.*  He further contends that the FAA intends for the prevailing party's motion to confirm to only become justiciable after a court hears the nonmovant's motion to vacate, modify, or correct.  *Id.* at 5.  In support of this argument, Respondent points to the plain language of § 12 of the FAA, which provides that if a motion to vacate, modify, or correct is filed, a court "may make an order . . . staying the proceedings of the adverse party to enforce the award."  *Id.* (quoting 9 U.S.C. § 12).

Petitioner counters that the FAA authorizes the prevailing party in the arbitration to move for confirmation of the arbitration award at any time within one year following the award.  Dkt. 23, 2 (citing 9 U.S.C. § 9).  In this regard, he contends that the language of § 9 of the FAA suggests that a court has jurisdiction to hear a motion to confirm even before the three-month period has

run.  *Id.*  Petitioner asserts that since he filed a Petition and Motion for Confirmation within one year of March 27, 2020, the motion is not premature, and the Court consequently has jurisdiction to hear his Petition and Motion for Confirmation.  Dkt. 25, 12.

On the issue of mootness, Respondent argues that the case at bar presents no crystallized case or controversy as the underlying dispute between the parties was resolved in arbitration.  Dkt. 15, 2.  Further, he contends that the Arbitrator awarded no remedy of affirmative relief, such as damages or an injunction, to Petitioner that the Court can enforce.  *Id.* at 8.  Rather, the Arbitrator simply held that Respondent's grievance was denied, thus resolving the dispute.  *Id.*  Respondent concedes, however, that a case or controversy might arise once he files a motion to vacate the arbitration award.  *Id.* at 9.  Since making this argument, Respondent has filed a Motion to Vacate.  *See* Dkt. 27.

In response, Petitioner asserts that there is in fact a case or controversy between himself and Respondent, given that Respondent has stated that he will not consent to confirmation of the arbitration award, but rather seeks to vacate the award.  Dkt. 25, 1.  Specifically, Petitioner maintains the case or controversy between the parties is whether the Court should confirm the arbitration award or if it should vacate, modify, or correct the award.  Dkt. 25, 1.  Moreover, Petitioner contends that he did in fact seek affirmative relief during the arbitration, namely, an award finding that he did not violate NFLPA regulations, which the Court should confirm.  Dkt. 23, 3.  Thus, according to Petitioner, the Court's ruling on Petitioner's Motion for Confirmation would be of great significance to him since his professional reputation as an NFL agent is implicated.  Dkt. 25, 13.

Article III of the United States Constitution provides that the judicial power of the federal courts is restricted to "cases" and "controversies."  U.S. Const. art. III, § 2.  "If a dispute is not a

proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).

The closely related doctrines of ripeness and mootness are two integral components of the case or controversy requirement. *See Allen v. Wright*, 468 U.S. 737, 750 (1984); *J.E.C.M. ex rel. Saravia v. Lloyd*, 352 F. Supp. 3d 559, 576 (E.D. Va. 2018). The doctrine of ripeness dictates that courts should refrain from considering issues until a controversy is presented in "clean-cut and concrete form." *Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 584 (1947). This doctrine is primarily concerned with the "appropriate timing of judicial intervention," *In re Naranjo*, 768 F.3d 332, 347 (4th Cir. 2014), and "its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). The party bringing suit bears the burden of proving ripeness. *See Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006).

Meanwhile, the mootness doctrine concerns the duty of federal courts "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Mills v. Green*, 159 U.S. 651, 653 (1895). This doctrine dictates that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The Court will address the issues of ripeness and mootness in turn.

### 1. Ripeness

The first issue before the Court under Respondent's Motion to Dismiss is whether this Court lacks jurisdiction to confirm an arbitration award prior to the culmination of the three-month period in which the nonmovant may file a motion to vacate pursuant to 9 U.S.C. § 12. The Court

need not reach this issue, though. The deadline for Respondent to file his motion to vacate already elapsed on June 27, 2020, thus rendering moot Respondent's argument on ripeness.

### 2. Mootness

The second issue before the Court under Respondent's Motion to Dismiss is whether Petitioner's motion is moot, given that, at the time that Petitioner filed his Motion for Confirmation, Respondent had not yet filed his Motion to Vacate and Petitioner has not asked the Court to grant any affirmative relief beyond confirming the Arbitrator's finding that he did not violate the NFLPA regulations.

The Court need not address Respondent's contention that the Motion for Confirmation is moot because his argument as to that point was predicated on the fact that he had not yet filed his Motion to Vacate.  Indeed, Respondent himself admitted that a case or controversy would arise once he files his Motion to Vacate.  Dkt. Nos. 15, 9 ("To be sure, a case or controversy might arise if [Respondent] seeks to vacate, correct, or modify the award."); 26, 2 ("Until [Respondent] files his motion to vacate the award, this matter is moot.").  Now that Respondent has filed his Motion to Vacate, Dkt. 27, the parties do not dispute that Petitioner's Motion for Confirmation presents an actual controversy, namely, whether the Court should confirm or vacate the arbitration award.

Further, Respondent does not point to anything in the relevant case law on the issue of mootness or in the language of the FAA that suggests that the prevailing party must seek affirmative relief like damages or an injunction for a court to confirm the arbitration award.  It seems that Petitioner's concern for his professional reputation as an NFL agent qualifies as having a "legally cognizable interest in the outcome" of this case.  *Powell*, 395 U.S. at 496.  For the foregoing reasons, the Court holds that Petitioner's Motion for Confirmation is not moot.

B. Motion to Transfer

In the alternative to a dismissal or a stay, Respondent moves the Court to transfer the Motion for Confirmation to the Middle District of Pennsylvania under 28 U.S.C. § 1404(a).  First, Respondent argues that the prerequisites of personal jurisdiction and venue are satisfied.  He urges that the requirement of personal jurisdiction is met because Petitioner conducted business with the memorabilia dealers against whom Respondent has initiated proceedings against in the Middle District of Pennsylvania.  Dkt. 26, 8.  Respondent next explains that venue is proper in the Middle District of Pennsylvania because a substantial part of the events giving rise to Petitioner's claim occurred in that district.  Dkt. 15, 11.  Specifically, three memorabilia dealers, who were involved with Petitioner and whom Respondent sued in a related case in the proposed transferee district, are located in or do business in Pennsylvania.  Dkt. 15, 12.

Second, Respondent contends that the convenience of the parties and the interest of justice do not weigh heavily in favor of keeping the dispute in this Court.  *Id.*  He asserts that Virginia is not Petitioner's home state; there are no witnesses in Virginia, while there are some in Pennsylvania; there are no relevant documents in Virginia, but there are in Pennsylvania; and there is a judge in Pennsylvania who is already intrinsically familiar with the underlying dispute.  *Id.*  Respondent also relies heavily on *U.S. Ship Management Inc. v. Maersk Line Ltd.*, 357 F. Supp. 2d 924 (E.D. Va. 2005), in support of the proposition that related litigation in the proposed transferee district heavily weighs in favor of granting a transfer in the interest of justice 28 U.S.C. § 1404(a) transfer analysis.  *Id.* at 13.

Petitioner counters that personal jurisdiction is not proper in the proposed transferee forum because Petitioner cannot be served in Pennsylvania.  Dkt. 25, 18.  He argues that venue is also improper in the Middle District of Pennsylvania because a substantial part of the events giving rise

14

to Petitioner's claim did not occur there. *Id*. Specifically, the signing event that led to Respondent's grievance against Petitioner occurred in the suburbs of Chicago, Illinois. *Id*. Next, Petitioner argues that the convenience of the parties and witnesses, and the interest of justice do not justify transfer to the Middle District of Pennsylvania. *Id*. 19. He explains that neither party is particularly inconvenienced by having Petitioner's motion heard by this Court given that they had recently consented to the arbitration proceeding within this district. *Id*. at 19-20. Further, neither of the parties are residents of Pennsylvania so they would both need to travel there for the proceedings. *Id*. at 20. Additionally, because confirmation of an arbitration award is a summary proceeding that merely requires the Court to examine the Arbitrator's decision, factors such as ease of access to proof, and location of documents and witnesses is irrelevant. *Id*. Lastly, Petitioner maintains that any court is equally familiar and competent to determine the law pertaining to the arbitration. *Id*.

### 1. Personal Jurisdiction

At the outset, the Court must determine whether the proposed transferee forum is one in which the Motion for Confirmation might have originally been brought. *See Builders Mut. Ins. Co. v. Parallel Design & Dev. LLC*, No. 4:10CV00068, 2010 WL 11470405, at *3 (E.D. Va. June 17, 2010); *U.S. Ship Mgmt., Inc.*, 357 F. Supp. 2d at 930; *BHP Int'l Inv., Inc. v. OnLine Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 2000).

In addressing this threshold inquiry, the Court must first consider the issue of personal jurisdiction. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). A district court may only assert personal jurisdiction over a nonresident defendant when two conditions are satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment

due process requirements." *Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Pennsylvania's long-arm statute is construed to extend to the limits allowed by due process. *See Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001). Thus, because the long-arm provisions and the constitutional requirements are coextensive, the two inquiries may be merged into one. *See U.S. Ship Mgmt., Inc.*, 357 F. Supp. 2d at 931. Consequently, the dual jurisdictional requirements collapse into a single question of whether the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Minimum contacts sufficient to establish personal jurisdiction over a nonresident defendant may exist by way of either specific jurisdiction or general jurisdiction. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). Specific jurisdiction considers instances where the nonresident defendant's "contacts with the forum also provide the basis for the suit," whereas general jurisdiction considers instances where the defendant's contacts with the forum are so "continuous and systematic" as to provide support for jurisdiction over any cause of action. *Id.*

Courts have held that specific jurisdiction is established where a non-resident defendant has previously filed a lawsuit in the forum state that involved the same transaction at issue. *See George Mason Univ. Found., Inc. v. Morris*, No. 3:11-CV-848, 2012 WL 1222589, at *5 (E.D. Va. Apr. 11, 2012). In the instant case, Respondent has brought a related action in the Middle District of Pennsylvania against three sports memorabilia companies. In that suit, Respondent alleged that the memorabilia companies worked with Petitioner on a contract for the Player to

appear at the January 21, 2019 signing event in Chicago, Illinois—the same signing event that gave rise to Respondent's initial grievance against Petitioner in the arbitration. *See Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 167–68 (M.D. Pa. 2019). In availing himself of the benefits of the federal court in Pennsylvania by filing a lawsuit there, Respondent surrendered himself to personal jurisdiction in that forum state in subsequent actions arising out of the same nucleus of operative facts. *See George Mason Univ. Found., Inc.*, No. 3:11-CV-848, 2012 WL 1222589, at *5. Therefore, it would also logically follow that if Petitioner had filed his Motion for Confirmation in the Middle District of Pennsylvania, personal jurisdiction over Respondent would have been proper there.

### 2. Venue

The next step in the § 1404(a) threshold inquiry is to determine whether venue would have been proper in the Middle District of Pennsylvania had Petitioner filed his Motion for Confirmation there. A petitioner may file a motion for confirmation of an arbitration award in the district where the arbitration took place under Section 9 of the FAA, as Petitioner did here, or in any district allowed by the general venue statute, 28 U.S.C. § 1391. *See U.S. Ship Mgmt., Inc.*, 357 F. Supp. 2d at 935; *Cortez Byrd Chips v. Bill Harbert Constr. Co.*, 529 U.S. 193, 197, (2000).

28 U.S.C. § 1391(b)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." Importantly, "[a] [petitioner] is not required to establish that his chosen venue has the most substantial contacts to the dispute." *Power Paragon v. Precision Technology USA*, 605 F. Supp. 2d 722, 726 (E.D. Va. 2008) (citing *Nat'l Council on Comp. Ins., Inc. v. Caro & Graifman, P.C.*, 259 F. Supp. 2d 172, 177 (D. Conn. 2003)). "Rather, it is sufficient that a substantial part of the events occurred in that venue, even if a greater part of the events occurred elsewhere." *Id.*

17

In the case at bar, even though the signing event that gave rise to the dispute between the parties occurred outside the Middle District of Pennsylvania, a substantial part of the events did, in fact, take place there.  Specifically, Respondent alleged that in negotiating the contract for the Player's appearance at the signing event, Petitioner worked with three sports memorabilia companies, all of which are based or regularly conduct business in the Middle District of Pennsylvania.  *See Clarity Sports Int'l LLC*, 400 F. Supp. 3d at 165-66; Dkt. 15, 12.  Respondent further alleged that, in violation of the NFLPA regulations, Petitioner negotiated that contract with the three Pennsylvania-based companies in order to induce the Player to use Petitioner instead of Respondent as his representative.  Dkt. 1-4, 5.  Therefore, venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b)(2).

### 3. The Convenience of Parties and Witnesses, and the Interest of Justice

After establishing that Petitioner's Motion for Confirmation might have been brought in the Middle District of Pennsylvania, the Court must consider whether the convenience of the parties and the interest of justice weigh in favor of transfer to the proposed transferee district.

The first factor that a court may consider under this prong of the § 1404(a) inquiry is the petitioner's initial choice of venue.  There is "ordinarily a strong presumption in favor of the [petitioner]'s choice of forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).  However, this presumption can be overcome "if the [petitioner] chooses a foreign forum, or the course of action bears little or no relation to that forum." *U.S. Ship Mgmt., Inc.*, 357 F. Supp. 2d at 936.  While the arbitration took place in Alexandria, Virginia, and so Petitioner's Motion for Confirmation bears significant relation to this forum, this district is not Petitioner's home forum— he is a citizen of Georgia and resides in Atlanta, Georgia.  Dkt. Nos. 1, ¶¶ 8, 11; 5-1, 4-6.  Therefore, though the presumption in favor of keeping this matter in this Court has not been

entirely overcome and some weight must be given to Petitioner's initial choice of forum, the presumption is not particularly strong. *See Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 716–17 (E.D. Va. 2005) ("Considering that [the plaintiff] has neither its headquarters nor its principal place of business in this district, but that some of the factual nexus for the claims asserted in the FAC occurred in this district, it is appropriate neither to accord [the plaintiff]'s choice of forum great weight nor to unduly minimize that election.").

Further, although the factor concerning witness convenience and access seems to weigh in favor of transfer, as the three sports memorabilia companies are either based or regularly conduct business in the Middle District of Pennsylvania, this factor is not particularly relevant to the present proceedings. Petitioner is correct in that a court does not necessarily need to access witnesses to determine whether to grant a motion to confirm an arbitration award because this type of proceeding is meant to be summary. *See Taylor*, 788 F.2d at 225.

Similarly, the convenience of the parties does not weigh heavily in favor of either granting or denying transfer. While the parties did recently consent to the arbitration hearing within the Eastern District of Virginia and therefore are unlikely to be particularly inconvenienced by having the Motion for Confirmation heard in this Court, neither party is a citizen of Virginia and would thus have to travel to the Eastern District of Virginia for any litigation surrounding the confirmation of the award. Dkt. Nos. 1, ¶ 11; 5-1, 5. At the same time, neither party is a citizen of Pennsylvania, and so the parties would have to travel to either venue. Dkt. Nos. 1, ¶ 11; 5-1, 5; 25, 20.

Finally, in assessing whether granting the Motion for Transfer would be in the interest of justice, a significant consideration is the pendency of related litigation in the proposed transferee district. *See Glob. Touch Sols., LLC v. Toshiba Corp.*, 109 F. Supp. 3d 882, 904–05 (E.D. Va.

2015); *U.S. Ship Mgmt., Inc.*, 357 F. Supp. 2d at 937; *LG Elecs. Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 815 (E.D. Va. 2001). When a related action is pending in the proposed transferee forum, "[t]he interest of justice weighs heavily in favor of transfer" because transferring the litigation of a related claim would promote judicial economy and avoid duplicative or inconsistent results. *U.S. Ship Mgmt., Inc.*, 357 F. Supp. 2d at 937-38; *see also LG Elecs. Inc.*, 131 F. Supp. 2d at 815.

Here, the Middle District of Pennsylvania is already intimately familiar with the facts that gave rise to Respondent's grievance against Petitioner and led to Petitioner's Motion for Confirmation. Dkt. 15, 12. After all, the factual background giving rise to each suit significantly overlap. Specifically, in both lawsuits, Respondent alleges that Petitioner and the three memorabilia companies, working in tandem, ignored Respondent's exclusive contract with the Player and negotiated a contract for the Player to appear at the January 21, 2020 signing. *See Clarity Sports Int'l LLC*, 400 F. Supp. 3d at 168; Dkt. 15, 12. Further, Respondent alleged in the lawsuit that he filed in the Middle District of Pennsylvania that "Defendants were . . . aware that . . . through negotiating a contract for [the Player]'s appearance, [Petitioner] hoped to persuade [the Player] to terminate his relationship with [Respondent] and become [Petitioner]'s client." *Clarity Sports Int'l LLC*, 400 F. Supp. 3d at 168. This allegation constitutes the core of Respondent's grievance in the arbitration proceedings that gave rise to the instant case. *See* Dkt. 1-4, 5.

Moreover, having two different forum districts hear Respondent's lawsuit against the three memorabilia sports companies, Petitioner's Motion for Confirmation, and Respondent's Motion to Vacate may lead to incompatible results.

Ultimately, the two most significant factors that influence the Court's decision in the instant case are the petitioner's initial choice of forum and the pendency of related litigation. While

some deference ought to be given to Petitioner's decision to file a lawsuit in this district under Section 9 of the FAA, the Court finds that this factor is subsumed by the fact that an intrinsically related action is pending in the proposed transferee forum. *See Laughlin v. Edwards Bus. Machines, Inc.*, 155 F.R.D. 543, 545 (W.D. Va. 1994) ("[T]he weight given to [the plaintiff's initial choice of forum] should be commensurate with the degree it impacts the policy behind section 1404(a), that is, to make trial 'easy, expeditious and inexpensive.'") (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  The Court therefore finds that transfer of Petitioner's Motion for Confirmation to the Middle District of Pennsylvania is appropriate.

### C. Motion to Stay

The Court leaves Respondent's Motion to Stay for resolution in the Middle District of Pennsylvania.

### D. Motion for Confirmation

The Court abstains from ruling on Petitioner's Motion for Confirmation, for this motion is best left to the wisdom of the Middle District of Pennsylvania.

### E. Motion to Vacate

The Court leaves Respondent's Motion to Vacate for consideration by the Middle District of Pennsylvania.

IV.   CONCLUSION

Accordingly, for the foregoing reasons Respondent's Motion to Dismiss is denied; Respondent's Motion to Transfer is granted; and Respondent's Motion to Stay, Petitioner's Motion for Confirmation, Respondent's Motion to Vacate, and Petitioner's Motion to File Sur-Reply in Response to Respondent's Motion to Vacate, are deferred for consideration by the United States District Court for the Middle District of Pennsylvania.

The Clerk of Court is directed to transfer this matter to the United States District Court for the Middle District of Pennsylvania for further proceedings.

It is SO ORDERED.

Alexandria, Virginia
August 13, 2020

/s/
Rossie D. Alston, Jr.
United States District Judge